# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| ROSANNE RUSSICK, | ) | |
| --- | --- | --- |
| Plaintiff, | ) | |
| v. | ) | 2:17-cv-00149-NBF |
| | ) | District Judge Nora Barry Fischer |
| WELLS FARGO, INC., d/b/a WELLS FARGO HOME MORTGAGE, | ) | |
| Defendant. | ) | |

## **MEMORANDUM OPINION**

### I. INTRODUCTION

Presently before the Court is the April 7, 2017, Motion to Dismiss (Docket No. 18) filed by Wells Fargo Home Mortgage[1] ("Defendant") pursuant to Federal Rule of Civil Procedure 12(b)(6). Defendant seeks dismissal of all claims alleged at Counts I and II of Plaintiff Rosanne Russick's March 27, 2017, Amended Complaint. (Docket No. 17). Plaintiff alleges therein that Defendant violated the Equal Credit Opportunity Act, 15 U.S.C. § 1691, *et seq.* ("ECOA"), and the Fair Housing Act, 42 U.S.C. § 3601, *et seq.* ("FHA"), as a result of age, gender, marital status, and disability-based discrimination, when it failed to approve a mortgage assignment. This Court exercises subject-matter jurisdiction pursuant to 28 U.S.C. § 1331 (federal question). For the reasons that follow, Defendant's Motion to Dismiss will be GRANTED.

---

[1] Defendant has informed the Court that Wells Fargo Home Mortgage is an unincorporated division of Wells Fargo Bank, N.A., not Wells Fargo, Inc., as indicated in the Amended Complaint. (Docket No. 18 at 1).

## II. FACTUAL & PROCEDURAL BACKGROUND

In December 2003, Ricky Gay ("Ricky") and his sister, Joanna Gay ("Joanna"), purchased a residence ("Subject Property") in New Castle, Pennsylvania. (Docket No. 17 ¶10). They secured a mortgage on the Subject Property for $38,083.00 from FirstMerit Mortgage Corporation ("FirstMerit"). (*Id.* ¶¶ 11 – 12). Plaintiff thereafter came to live with Ricky and Joanna in the Subject Property. (*Id.* ¶ 13 – 14).

At that time, Plaintiff was 60 years of age and was the primary caretaker for Ricky. (*Id.* ¶¶ 1, 3). Ricky was disabled at birth, suffering cognitive defects and a low IQ. (*Id.* ¶ 4). In spite of his impairments, Ricky managed to work at a neighborhood grocery store as a shelf packer for over ten (10) years. (*Id.*). Plaintiff, Ricky, and Joanna all contributed to payment of the mortgage. (*Id.* ¶ 14). Eventually, the mortgage was assigned by FirstMerit to Defendant. (*Id.* ¶ 15).

On April 30, 2016, Joanna married and moved from the Subject Property to live with her husband. (*Id.* ¶¶ 16 – 17). However, when Joanna and her husband attempted to buy a new home, Joanna could not obtain a mortgage with her husband because she was still a signatory on the mortgage of the Subject Property. (*Id.* ¶ 19). Thus, Joanna sought to deed her interest in the Subject Property to Plaintiff and Ricky, and assign her obligations under the mortgage to Plaintiff. (*Id.* ¶ 20). Plaintiff was amenable to this arrangement in order to ensure that Ricky would have a home in the future. (*Id.* ¶ 5).

Plaintiff and Ricky applied to Defendant for an assumption agreement. (*Id.* ¶ 21). They were subsequently informed that Plaintiff would need a co-signor with assets and a high credit rating to assume the mortgage, despite the mortgage being current and over ten (10) years old. (*Id.* ¶ 23). Richard J. Orloski ("Richard"), Plaintiff's 69-year-old cousin, agreed to co-sign. (*Id.*

2

¶¶ 24 – 25). Richard's credit score was in the high 800's, and he had both earned and non-earned income far above the debt secured by the mortgage. An attorney, Richard also owned three properties free and clear of any liens or encumbrances: his law office; his residence; and one rental property. (*Id.* ¶¶ 27 – 28). During discussions about the assignment, representatives of Defendant indicated that Richard was an ideal co-signor, and even suggested that he buy the mortgage from Defendant. (*Id.* ¶¶ 26, 29). Ultimately, Plaintiff was informed that "if the financial information concerning Richard J. Orlaski was true, the assumption would be approved." (*Id.* ¶ 26).

Nonetheless, Defendant changed its position not long after Plaintiff secured Richard as a co-signor, and indicated that Plaintiff would also personally need to meet the company's financial strength requirements, irrespective of the co-signor's finances and contrary to what she was previously led to believe. (*Id.* ¶ 33 – 37). Plaintiff could not, alone, meet the requirements. (*Id*. ¶ 23). Ultimately, the assignment was never approved, and due to financial losses as well as issues that consequently arose within the family, Plaintiff and Ricky lost[2] the Subject Property. (*Id.* ¶ 40).

On August 25, 2016, Plaintiff filed a Complaint against Defendant in the Court of Common Pleas of Lawrence County, Pennsylvania, claiming discrimination under the provisions of the ECOA and FHA on account of Plaintiff's and Richard's ages. (Docket No. 1-3). Defendant removed the action to the United States District Court on February 2, 2017. (Docket No. 1). Plaintiff filed an Amended Complaint (Docket No. 17)[3] on March 27, 2017, claiming that Defendant violated the ECOA and FHA as a result of age, gender, marital status, and

---

[2] Defendant disputes this contention, noting that Plaintiff lists her current residence as the Subject Property. (*See* Docket No. 17 ¶ 1).
[3] A Joint Stipulation to Filing of Amended Complaint (Docket No. 15) was filed on March 10, 2017, and the Court granted same. (Docket No. 16).

disability-based discrimination when it failed to approve assignment of the mortgage on the Subject Property. Defendant filed its Motion to Dismiss and Brief in support (Docket Nos. 18 – 19) on April 7, 2017. Plaintiff's Response (Docket No. 20) was filed on April 21, 2017. A Reply (Docket No. 22) was filed May 3, 2017. Following hearing and oral argument on said Motion on May 15, 2017 (Docket Nos. 30 and 31), the matter is now ripe for disposition.

### III. STANDARD OF REVIEW

Federal Rule of Civil Procedure 8(a)(2) requires that a complaint contain a short and plain statement of a claim, and show that the pleader is entitled to relief. Dismissal of a complaint or portion of a complaint is warranted under Federal Rule of Civil Procedure 12(b)(6) when a claimant fails to sufficiently state a claim upon which relief can be granted. Avoiding dismissal under Rule 12(b)(6) requires a pleading party's complaint to provide "enough factual matter" to allow the case to move beyond the pleading stage of litigation; the pleader must "'nudge his or her claims across the line from conceivable to plausible.'" *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 234 – 35 (3d Cir. 2008) (quoting *Bell Atlantic Co. v. Twombly*, 550 U.S. 544, 556, 570 (2007)).

In assessing the merits of a claim subject to a motion to dismiss, a court must engage in a two-part analysis. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 – 11 (3d Cir. 2009). First, factual and legal elements of a claim must be distinguished. *Id.* Second, it must be determined whether the facts as alleged support a "plausible claim for relief." *Id.* In making the latter determination, the court must be mindful that the matter pleaded need not include "detailed factual allegations," *Phillips*, 515 F.3d at 231 (quoting *Twombly*, 550 U.S. at 555), and the court must construe all alleged facts, and draw all inferences gleaned therefrom, in the light most favorable to the non-moving party. *Id.* at 228 (citing *Worldcom, Inc. v. Graphnet, Inc.*, 343 F.3d

651, 653 (3d Cir. 2003)). Moreover, a pleading party need only "put forth allegations that 'raise a reasonable expectation that discovery will reveal evidence of the necessary element[s].'" *Fowler*, 578 F.3d at 213 (quoting *Graff v. Subbiah Cardiology Assoc., Ltd.*, 2008 WL 2312671 (W.D. Pa. June 4, 2008)). A well-pleaded complaint, even when "it strikes a savvy judge that actual proof of…facts is improbable," will not be dismissed as long as the pleader demonstrates that his or her claim is plausible. *Phillips*, 515 F.3d at 234 (quoting *Twombly*, 550 U.S. at 555 – 56).

Nevertheless, the facts provided do need to raise the expectation of relief above a purely speculative level, and must include more than "labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Phillips*, 515 F.3d at 231 – 32 (quoting *Twombly*, 550 U.S. at 554 – 56). Rule 8(a)(2) "requires a 'showing' rather than a blanket assertion of an entitlement to relief." *Id.* at 232. "[T]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Fowler*, 578 F.3d at 211 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

## IV. Discussion

### A. ECOA

It is well established that the ECOA was enacted by Congress to address the "'need to insure that the various financial institutions and other firms engaged in the extension of credit exercise their responsibility to make credit available with fairness, impartiality, and without discrimination.'" *Riethman v. Berry*, 287 F.3d 274, 276 (3d Cir. 2002) (quoting Equal Credit Opportunity Act, Pub.L. No. 93-495, § 502, 88 Stat. 1521 (1974)). "'Economic stabilization would be enhanced and competition among the various financial institutions and other firms engaged in the extension of credit would be strengthened by an absence of discrimination.'" *Id.*

Thus, discriminatory conduct toward an applicant with respect to any aspect of a credit transaction due to the applicant's race, color, religion, national origin, sex or marital status, or age, is unlawful. *Id.* (citing 15 U.S.C. 1691(a)).

In the instant case, Plaintiff claims that she has adduced direct evidence of Defendant's improper consideration of her age, Richard's age, Ricky's disability, and her status as a divorced female, when declining approval of the assumption agreement, in violation of the ECOA. (Docket No. 20 at 13 – 16). The Third Circuit Court of Appeals has held that direct evidence must be sufficiently probative to lead "'not only to a ready logical inference of bias, but also to a rational presumption that the person expressing bias acted on it.'" *Visconti v. Veneman*, 2005 WL 2290295, at *4 (D. N.J. Sept. 20, 2005) (quoting *Fakete v. Aetna*, 308 F.3d 335, 338 – 39 (3d Cir. 2002)). The evidence pled must be "'so revealing of discriminatory animus that it is not necessary to rely upon any presumption from the prima facie case.'" *Id.* (quoting *Armbruster v. Unisys Corp.*, 32 F.3d 768, 778 (3d Cir. 1994)). As direct evidence of discrimination, Plaintiff relies primarily upon the assertion that a representative of the Defendant informed her that she would be qualified for an assumption if a sufficiently financially sound co-signer was secured, and that once said co-signer was secured, a representative of the Defendant changed the requisites for approval. (Docket No. 20 at 13 – 14).

However, the Amended Complaint lacks allegations of fact which would tend to indicate that Defendant requested information pertaining to Plaintiff's age, sex, or marital status, Ricky's disability, or Richard's age, and considered same when determining eligibility for the assumption sought. *See Visconti v. Veneman*, 204 F.App'x 150, 154 (3d Cir. 2006) (no evidence that claimant was treated differently than non-protected individuals). Plaintiff does not allege that she alone was qualified to assume the mortgage or that Defendant treated younger, non-divorced,

non-disabled male applicants more favorably.  There is simply nothing in the statements alleged to have been made by representatives of Defendant which directly implicate any consideration other than finances in the decision-making process.  (Docket Nos. 17 ¶¶ 23, 26, 33 – 35; 20 at 13 – 14).  It is only by reference to circumstantial evidence; i.e. Joanna's age and marital status vis a vis Plaintiff's and Richard's ages and marital statuses, and Ricky's disability, that discriminatory animus *may* be imputed to the Defendant.  This mere inference of discriminatory motive advanced by Plaintiff does not constitute direct evidence.  *Ward v. Ingersoll-Rand Co.*, -- F.App'x --, 2017 WL 1526309, at *3 (3d Cir. 2017) (citing *Fakete*, 308 F.3d at 338).  *See also Geraci v. Moody-Tottrup, Int'l, Inc.*, 82 F.3d 578, 581 (3d Cir. 1996) (A plaintiff will have direct evidence of discrimination "only rarely").  Therefore, Plaintiff may not rely upon direct evidence to defeat Defendant's Motion to Dismiss, and the Court will proceed to analyze her ECOA claim in accordance with the standard established in *McDonnell Douglas Corp. v. Green*, 411 U.S. 791 (1973).

In order to establish a *prima facie* case of discrimination under the ECOA, Plaintiff must demonstrate that (1) she was a member of a protected class; (2) she applied for credit from Defendant; (3) she was qualified for the credit; and, (4) despite qualification, she was denied credit.  *Anderson v. Wachovia Mortg. Corp.*, 621 F.3d 261, 268 n. 5 (3d Cir. 2010) (citing *Chiang v. Veneman*, 385 F.3d 256, 259 (3d Cir. 2004)).  Of particular importance in the present case is Plaintiff's ability to meet the third element of her *prima facie* case.  Plaintiff must be able to demonstrate that she, an individual otherwise qualified for credit, was a member of a protected class and was denied the credit sought as a consequence.  Such pleading is absent in the instant case.

In the Amended Complaint, it is admitted that the assumption was not approved, even with the help of Richard, because Plaintiff "individually must meet the financial requirements irrespective of the strength of the co-signer." (Docket No. 17 ¶ 35). The Amended Complaint also makes clear that, at the outset, "[a]lthough the mortgage was current, and was over 10 years old, the Defendant, through its agents, servants, and employees told Plaintiff, Rosanne Russick, that she needed a co-signer with assets and a high credit rating to co-sign the mortgage." (Docket No. 17 ¶ 23). Further, at the hearing convened for purposes of arguing the Motion to Dismiss, counsel for the Plaintiff admitted that she was not independently qualified for a loan. (Docket No. 31 at 16). *See Flippings v. U.S. Home Mortg.*, 2017 WL 728179, at *3 (D. Md. Feb. 23, 2017) (plaintiff failed to demonstrate he independently qualified). Thus, Plaintiff's inability to qualify for the mortgage assumption was clear from the beginning.

Moreover, the Amended Complaint even fails to plead that Richard was himself qualified, notwithstanding his alleged financial status. Plaintiff indicates only that "a representative from Defendant…represented that *if* the financial information concerning Richard J. Orloski was true, the assumption would be approved." (Docket No. 17 ¶ 26) (emphasis added). Even viewed in the light most favorable to Plaintiff, this is not an affirmative statement that Richard was, in fact, qualified for the assumption sought.[4] Accordingly, Plaintiff has failed

---

[4] At the Motion hearing, counsel for Plaintiff did not dispute that Richard was previously found by Defendant to be unqualified. (Docket Nos. 31 at 17 – 19; 1-3 at 10 – 11). While the Court is aware that the "Notice of Action Taken and Statement of Reasons" for denial of Richard's application to co-sign with Plaintiff, attached to the original Complaint (Docket No. 1-3 at 10 – 11), was not provided with the Amended Complaint, or cited by Plaintiff therein, it was raised by Defendant at the Motion hearing when speaking of counsel's duty of candor to the Court. (Docket No. 31 at 17 – 19). *See also Ellis v. Beemiller, Inc.*, 287 F.R.D. 326, 347 (W.D. Pa. 2012) (citation omitted) ("[S]anctions are proper when, *inter alia*, a party insists upon a position that is no longer tenable."). Although acknowledged by the Court at the hearing, it does not inform the Court's holding, here. *See West Run Student Housing Assoc., LLC v. Huntington Nat'l Bank*, 712 F.3d 165, 172 – 73 (3d Cir. 2013) ("[A]t the motion to dismiss stage, when the district court typically may not look outside the four corners of the amended complaint, the plaintiff cannot be bound by allegations in the superseded complaint.").

to plead facts sufficient to demonstrate the she was qualified for the assumption, and further failed to plead that her co-signer was qualified.

In light of the lack of any evidence demonstrating qualification for the loan by Plaintiff or her co-signer, as well as the failure to plead that Defendant requested and considered any information pertaining to Plaintiff's age, sex, or marital status, Ricky's disability,[5] or Richard's age, when determining Plaintiff's eligibility for the assumption, Plaintiff has failed to assert non-conclusory factual matter sufficient to suggest that her claims are not just conceivable, but also plausible. *Shahin v. PNC Bank*, 625 F.App'x 68, 70 (3d Cir. 2015) (citation omitted). Defendant's Motion to Dismiss will, therefore, be granted as to Plaintiff's ECOA claim at Count I of the Amended Complaint.

**B. FHA**

The primary purpose of the FHA is to "provide, within constitutional limitations, for fair housing throughout the United States," 42 U.S.C. § 3601, and as a broad remedial statute, the provisions of the FHA must be construed liberally to effectuate this purpose. *ReMed Recovery Care Centers v. Twp. of Worcester*, 1998 WL 437272, at *5 (E.D. Pa. July 30, 1998) (citing *Trafficante v. Metropolitan Life Ins. Co.*, 409 U.S. 205 (1972)). Plaintiff claims that the FHA was violated when Defendant failed to approve her assumption once Richard was secured as a co-signer. This was allegedly due to Plaintiff's age, gender, and marital status, Richard's age, and Ricky's disability.[6] (Docket No. 17 ¶¶ 46, 49 – 51).

---

[5] Plaintiff is the only party to this case – not Richard or Ricky. To the extent that Plaintiff attempts to assert an associational discrimination claim (Docket No. 20 at 18 – 19), it does not cure Plaintiff's failure to demonstrate that she was qualified for the assumption sought. Moreover, Plaintiff admits that disability is not a protected class under the ECOA. (Docket No. 20 at 4, 16).

[6] Plaintiff admits in her Response that age is not considered a protected classification for purposes of discrimination under § 3605. (Docket No. 20 at 4).

9

However, in its Motion to Dismiss, Defendant argues that Plaintiff's FHA claim must fail because she failed to cite a relevant provision of the FHA under which she could assert such a claim, has no standing to assert a claim based upon Ricky's disability, admits she was denied the assumption in favor of another female[7], and cannot claim marital status as a protected class[8]. (Docket No. 19 at 15 – 18). While it is true that Plaintiff does not cite to a specific section of the FHA as the basis for her claim, it can readily be inferred from the content of the pleadings that she is relying upon 42 U.S.C. § 3605, which provides – in relevant part – that:

> (a) In general
>
> It shall be unlawful for any person or other entity whose business includes engaging in residential real estate-related transactions to discriminate against any person in making available such a transaction, or in the terms or conditions of such a transaction, because of race, color, religion, sex, handicap, familial status, or national origin.
>
> (b) "Residential real estate-related transaction" defined
>
> As used in this section, the term "residential real estate-related transaction" means any of the following:
> > (1) The making or purchasing of loans or providing other financial assistance--
> > > (A) for purchasing, constructing, improving, repairing, or maintaining a dwelling; or
> > > (B) secured by residential real estate.
> > (2) The selling, brokering, or appraising of residential real property.

Thus, the Court will proceed to conduct the remainder of its analysis.

---

[7] Plaintiff admits in her Response that she was denied the assumption of obligations under a mortgage already held by a female. (Docket No 20 at 17).

[8] Federal Courts are split on whether marital status is protected by the FHA. *See White v. U.S. Dep't of Housing and Dev.*, 475 F.3d 898, 906 (7th Cir. 2007) (the FHA does not include marital status among protected classifications); *Miami Valley Fair Housing Ctr., Inc. v. Connor Group*, 805 F.Supp.2d 396, 409 (S.D. Ohio 2011) (marital status is not protected under the FHA); *Canatella v. Reverse Mortg. Solutions, Inc.*, 2016 WL 6070508, at *3 (N.D. Cal. Oct. 17, 2016) (finding the FHA does not include marital status). S*ee also Lax v. 29 Woodmere Blvd. Owners, Inc.*, 812 F.Supp.2d 228, 234 – 35 (E.D.N.Y. 2011) (finding that marital status is covered by FHA); *Matthews v. New Century Mortg. Corp.*, 185 F.Supp.2d 874, 887 (S.D. Ohio 2002) (allowing case to proceed on basis of sex and marital status-related discrimination).

Having already determined that she has not pled direct evidence of discrimination, the Court must look to whether Plaintiff has established a *prima facie* case under § 3605, which requires evidence that: (1) Plaintiff was a member of a protected class; (2) Plaintiff attempted to engage in a residential real estate-related transaction with Defendant and met all qualifications for doing so; (3) Defendant refused to transact business with Plaintiff despite her qualifications; and, (4) Defendant continued to engage in this type of transaction with other parties with similar qualifications. *Liggon v. Bank of America Mortg.*, 2013 WL 5701584, at *2 (D. Del. Oct. 21, 2013) (citing *Gaona v. Town & Country Credit*, 324 F.3d 1050, 1057 (8th Cir. 2003)). *See also Adams v. U.S. Bank*, 2010 WL 2670702, at *3 (E.D. Mich. July 1, 2010) (citing *Mich. Protection and Advocacy Serv., Inc. v. Babin*, 18 F.3d 337, 346 (6th Cir. 1994)) ("To establish a *prima facie* case, a plaintiff must prove that: (1) she is a member of a protected class; (2) she was an applicant for credit; (3) she qualified for credit; and (4) despite her qualifications, the creditor denied her request."). Plaintiff, once again, faces the same barrier to proceeding with her cause of action: she was not independently qualified for the assumption; she did not plead evidence sufficient to establish that Richard was qualified; and she did not plead evidence demonstrating that Defendant took into consideration any protected classification when determining Plaintiff's eligibility. Accordingly, even viewed in the light most favorable to the non-moving party, the Court will dismiss Plaintiff's FHA claim at Count II of the Amended Complaint for failure to nudge her claim over the line from conceivable to plausible. *Shahin*, 625 F.App'x at 70.

V. CONCLUSION

Based upon the foregoing, the Court finds that Plaintiff has failed to state a claim under the ECOA and FHA due to her inability to demonstrate that she was qualified for the assumption sought from Defendant, or that the Defendant's consideration of her protected status was a

determinative factor.  These inadequacies in Plaintiff's Amended Complaint are unlikely to be remedied by supplemental pleadings.  As such, Plaintiff's claims will be dismissed, with prejudice.  *See Phillips*, 515 F. 3d at 245 – 46 (dismissal with prejudice is appropriate when leave to amend would be futile).

An appropriate order follows.

*/s/ Nora Barry Fischer*
Nora Barry Fischer
United States District Judge

Date:   June 7, 2017

cc/ecf:  All counsel of record.